UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV-08-315-B-W |
| ALBERT CARTER, | ) ) | |
| Defendant. | ) ) | |

## ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT

Six copyright owners and licensees sued Albert Carter, alleging that he infringed their exclusive rights of reproduction and distribution by sharing copyrighted songs on a peer-to-peer file-sharing network. Mr. Carter defaulted and Plaintiffs move for default judgment pursuant to Rule 55(b)(2). The Court grants their motion.

**I.    STATEMENT OF FACTS**

Plaintiffs filed their Complaint on September 19, 2008, *Compl. for Copyright Infringement (Injunctive Relief Sought)* (Docket # 1) (*Compl.*), and by virtue of the entry of default, the Court considers the alleged facts "established as a matter of law." *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000). Plaintiffs are copyright owners or licensees of exclusive rights protected by the Copyright Act, 17 U.S.C. § 101 *et seq. Compl.* ¶ 11. They have distribution and reproduction rights in ten copyrighted sound recordings, a list of which they attached to the Complaint.[1] *Compl. Ex. A* (Docket # 1-2). At 6:36 a.m. on May 8, 2007, Mr. Carter, whom Plaintiffs identified by his unique Internet Protocol address, was distributing

---

[1] One Plaintiff, UMG Recordings, Inc., claimed rights in three sound recordings. Two others, Elektra Entertainment Group Inc., and Sony BMG Music Entertainment, claimed rights in two. The remainder, Interscope Records, Atlantic Recording Corporation, Capitol Records, LLC, claimed rights in one. *Compl. Ex. A* (Docket # 1-2).

852 audio files over the Internet on a peer-to-peer network. *Compl.* ¶ 15. Among these 852 audio files were the ten specific sound recordings in which Plaintiffs have rights protected by the Copyright Act. *Id.* The peer-to-peer network of which Mr. Carter was a member enabled him to download audio files stored on other computers and to distribute audio files stored on his computer. *Id.* ¶¶ 13-14.

Plaintiffs claimed that Mr. Carter had downloaded and/or distributed all ten specified sound recordings without their consent or permission. *Id.* ¶ 15. Moreover, Plaintiffs contended that Mr. Carter's infringing activity was willful, because notices of copyright pursuant to 17 U.S.C. § 401 with respect to the ten sound recordings were placed on their respective album covers, which were published and widely available to the public, including Mr. Carter. *Id.* ¶¶ 17-18. Plaintiffs sought statutory damages, attorney fees, costs, and injunctive relief. *Id.* ¶¶ 19-20.

Plaintiffs initially had trouble locating Mr. Carter to serve him with the Complaint and Summons, and sought an extension of time in which to do so pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m); *Pls.' Mot. for Extension of Time to Effectuate Service* (Docket # 6). Less than a month after the Magistrate Judge granted their motion, *Order* (Docket # 7), Plaintiffs' process server tracked Mr. Carter down in an apartment in Orono, Maine, and served him with the Complaint and Summons on February 16, 2009. *Aff. of Service* (Docket # 8). Pursuant to Rule 12, Mr. Carter had twenty days within which to serve an answer on Plaintiffs. Fed. R. Civ. P. 12(a)(1)(A)(i). He failed to do so, and on March 11 Plaintiffs moved for entry of default, which the Clerk granted the next day pursuant to Rule 55(a). *Mot. for Entry of Default* (Docket # 9); *Order* (Docket # 10). Plaintiffs immediately moved for default judgment. *Mot. for Entry of Default J. by the Court* (Docket # 11) (*Pls.' Mot.*). Plaintiffs seek statutory damages in the amount of $7,500, costs in the amount of $620, and a permanent injunction. *Pls.' Mot.* at 3.

## II.   DISCUSSION

### A.   Entering Default Judgment

Generally, a court may enter default judgment without a hearing if it "has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." *Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc.* (*In re The Home Rests., Inc.*), 285 F.3d 111, 114 (1st Cir. 2002). On the other hand, a default judgment that inevitably would be set aside should not be entered in the first place. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685, at 40-41 (3d ed. 1998). The Court therefore first assesses its jurisdiction and the sufficiency of the Complaint to establish Mr. Carter's liability. *See M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361, 364 (1st Cir. 2004) ("[A] default judgment issued without jurisdiction over a defendant is void . . . [and] remains vulnerable to being vacated at any time."); *United States v. V & E Eng'g & Constr. Co.*, 819 F.2d 331, 336-37 (1st Cir. 1987) (noting doctrine that in some circumstances a defaulting party may appeal a default judgment entered on a complaint that is "insufficient to support the judgment") (collecting cases); *Katahdin Paper Co. v. U&R Sys., Inc.*, 231 F.R.D. 110, 112 (D. Me. 2005) (noting that liability is "not necessarily established as a result of the default").

#### 1.   Personal Jurisdiction

"In the ordinary course, the district court acquires jurisdiction over a defendant only by service of process." *Jardines Bacata, Ltd. v. Diaz-Marquez*, 878 F.2d 1555, 1559 (1st Cir. 1989). Pursuant to Rule 4(e)(1), service of process on an individual within the District of Maine is governed by Maine law. Fed. R. Civ. P. 4(e)(1); *see M & K Welding*, 386 F.3d at 364. Here, Plaintiffs' process server personally delivered a copy of the Summons and Complaint to Mr. Carter at an

address in Orono, Maine, which is sufficient under Maine law. *Aff. of Service*; Me. R. Civ. P. 4(d)(1). The Court has personal jurisdiction over Mr. Carter.

### 2. Subject Matter Jurisdiction

The Court has jurisdiction over Plaintiffs' claims of copyright infringement pursuant to 28 U.S.C. §§ 1331, 1338.

### 3. Sufficiency of the Complaint to Establish Liability

There are only two elements of a copyright infringement claim: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *T-Peg, Inc. v. Vt. Timber Works, Inc.*, 459 F.3d 97, 108 (1st Cir. 2006) (internal quotation omitted). Copying, when not susceptible to proof by direct evidence, "is demonstrated when someone who has access to a copyrighted work uses material substantially similar to the copyrighted work in a manner which interferes with a right protected by 17 U.S.C. § 106." *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1115 (1st Cir. 1993); *see S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir. 1989) ("The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights, described at 17 U.S.C. § 106."). Section 106 protects the rights to copy and distribute copies of copyrighted works. 17 U.S.C. § 106. Thus, if Plaintiffs alleged facts that prove (1) ownership of valid copyrights in specific works, and (2) Mr. Carter's copying of those works and interference with Plaintiffs' exclusive rights of distribution and reproduction, the Complaint is sufficient to establish Mr. Carter's liability for copyright infringement.

Plaintiffs alleged copyright ownership in specific sound recordings. *Compl.* ¶ 11. They also alleged that Mr. Carter was a member of a file-sharing network, and that he continuously distributed 852 audio files, including Plaintiffs' copyrighted sound recordings, over that network.

4

*Id.* ¶ 13-15.  Moreover, Plaintiffs alleged that Mr. Carter had downloaded at least some of the copyrighted sound recordings he distributed over the file-sharing network.  *Id.*  Plaintiffs contended that these allegations amount to infringement of their exclusive reproduction and distribution rights.  *Id.* ¶ 15.

As a defaulting party, Mr. Carter "is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated."  *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) (internal quotation omitted) (approving of trial court's liability finding where defaulting party was taken to have conceded distribution of unauthorized reproductions of copyrighted songs); *Universal City Studios Prods. LLLP v. Bigwood*, 441 F. Supp. 2d 185, 191 (D. Me. 2006).  Based on these allegations, the Court finds there is a factual basis for liability for copyright infringement.  *See Katahdin Paper*, 231 F.R.D. at 112.  Having determined that it has jurisdiction over the subject matter and the parties, and that the Complaint is sufficient to support the default judgment, the Court turns to damages.

### B.   Plaintiffs' Requested Relief

#### 1.   Statutory Damages

Pursuant to 17 U.S.C. § 504(a)(2), at the copyright owner's election in lieu of actual damages and profits, an infringer of copyright is liable for statutory damages as provided in § 504(c).  17 U.S.C. § 504(a)(2).  Section 504(c)(1) states that a copyright owner can recover statutory damages "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  In other words, "the total number of 'awards' of statutory damages that a plaintiff may recover in any given action against a single defendant depends on the number

of works that are infringed . . . and is unaffected by the number of infringements of those works." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 194 (1st Cir. 2004) (emphasis omitted).

Plaintiffs have elected to pursue statutory damages. They claim that Mr. Carter infringed ten works and seek the minimum amount of $750 per work, or $7,500 in total statutory damages. *Pls.' Mot.* at 3. They also argue that because this measure of damages is "easily . . . ascertainable from the Complaint, no evidentiary hearing is necessary." *Id.* at 5. The Court agrees with both propositions, and grants their motion with respect to statutory damages. *See HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988) ("It is settled that, if arriving at the judgment amount involves nothing more than arithmetic—the making of computations which may be figured from the record—a default judgment can be entered without a hearing of any kind.").

### 2. Permanent Injunction

A court adjudicating a claim of copyright infringement may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The standard for issuing a permanent injunction ordinarily requires the Court to find that

> (1) plaintiffs prevail on the merits; (2) plaintiffs would suffer irreparable injury in the absence of injunctive relief; (3) the harm to plaintiffs would outweigh the harm the defendant would suffer from the imposition of an injunction; and (4) the public interest would not be adversely affected by an injunction.

*A.W. Chesterton Co. v. Chesterton*, 128 F.3d 1, 5 (1st Cir. 1997). However, in copyright actions "[c]ourts generally grant permanent injunctions where liability is clear and there is a continuing threat to the copyright." *Bigwood*, 441 F. Supp. 2d at 192; *see Concrete Machinery Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 611 (1st Cir. 1988) (noting, in a discussion of the similar preliminary injunction standard, that "irreparable harm is usually presumed if likelihood

of success on the copyright claim has been shown" and "it is virtually axiomatic that the public interest can only be served by upholding copyright protections").

Plaintiffs contend that Mr. Carter's infringing activities on the peer-to-peer file-sharing network exposed their copyrighted sound recordings to "massive, repeated, near-instantaneous, and worldwide infringement." *Pls.' Mot.* at 8. They also point to a lack of evidence that Mr. Carter has ceased these activities.[2] *Id.* at 9. Plaintiffs propose a permanent injunction that enjoins future infringement not only of the ten copyrighted sound recordings in this action, but also of all other copyrights Plaintiffs currently own or may own in the future. *Id.* at 9-10 (citing *Princeton Univ. Press v. Mich. Doc. Servs., Inc.*, 99 F.3d 1381, 1392-1393 (6th Cir. 1996) (en banc), *cert. denied*, 520 U.S. 1156 (1997)).

There is a considerable body of authority that permanent injunctions may extend to future works upon a showing of a threat of future infringements.[3] Considering the possibility that future activity on a peer-to-peer network may lead to exponential infringement and the fact that the ten works for which Mr. Carter is being held liable represent only a fraction of his file-sharing activity, the Court grants Plaintiffs' request for a permanent injunction.[4]

---

[2] The Plaintiffs also contend that "Defendant's failure to respond to the Complaint suggests that Defendant does not take seriously the illegality of the infringing activity." *Pls.' Mot.* at 9. The Court is unwilling to draw this inference. The Defendant's failure to respond could just as easily be an acknowledgement that he has no defense.

[3] *See, e.g.*, *UMG Recordings, Inc. v. Green*, No. 1:08-CV-273 (GLS/DRH), 2009 U.S. Dist. LEXIS 39305 (N.D.N.Y. May 7, 2009); *Disney Enters., Inc. v. Crim*, No. 08-12387, 2009 U.S. Dist. LEXIS 152 (E.D. Mich. Jan. 5, 2009); *Warner Bros. Records, Inc. v. Brown*, No. C 08-01040 WHA, 2008 U.S. Dist. LEXIS 95171 (N.D. Cal. 2008); *Sony Pictures Home Entm't Inc. v. Lott*, 471 F. Supp. 2d 716 (N.D. Tex. 2007); *Warner Bros. Records Inc. v. Hughes*, No. 06-3112, 2007 U.S. Dist. LEXIS 6800 (C.D. Ill. Jan. 31, 2007); *Arista Records, Inc. v. Becker Enters., Inc.*, 298 F. Supp. 2d 1310 (S.D. Fla. 2003); *Picker Int'l Corp. v. Imaging Equip. Servs., Inc.*, 931 F. Supp. 18 (D. Mass. 1995); 4-14 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.06[C][2][c] (2009); *see also Bigwood*, 441 F. Supp. 2d at 192 (recognizing authority but declining to enjoin infringement of future works based on an inadequate showing of a threat of future infringement where defendant was deemed to have admitted to distributing only two movies over a file-sharing network).

[4] The complete injunction appears at the end of this Order. Instead of accepting exactly Plaintiffs' proposed language, the Court has made three clarifying changes: First, the injunction makes no reference to state law, because Plaintiffs' copyrights are protected by federal statute. Second, Plaintiffs, the Defendant, and the ten sound recordings that are the subjects of this action are named individually. Third, no reference is made to direct or indirect copyright infringement; liability for infringement will arise in either case, and Mr. Carter is permanently

      **3.**    **Costs of Suit**

Pursuant to 17 U.S.C. § 505, the Court has discretion to "allow the recovery of full costs by or against any party." In addition, Rule 54 provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As regards the Plaintiffs' claim for costs, the Court awards costs generally. *See* D. Me. Loc. R. 54.3 (describing the process by which the Clerk taxes costs).

## III.   CONCLUSION

The Court GRANTS Plaintiffs' Motion for Entry of Default Judgment by the Court (Docket # 11). The Court AWARDS Plaintiffs statutory damages in the amount of $7,500 plus costs. The Court PERMANENTLY ENJOINS the Defendant, Albert Carter, as follows:

*    *    *

> Albert Carter ("Defendant") shall be and hereby is enjoined from infringing the copyrights protected under federal law of Elektra Entertainment Group Inc., Interscope Records, Sony BMG Music Entertainment, Atlantic Recording Corporation, Capitol Records, LLC, and UMG Recordings, Inc. (collectively, "Plaintiffs") in (1) "Keepin It Gangsta" by Fabolous, (2) "I've been Delivered" by Wallflowers, (3) "Pardon Me" by Incubus, (4) "I'm A Thug" by Trick Daddy, (5) "Still the Same" by Bob Seger, (6) "Closer To You" by The Wallflowers, (7) "Criminal" by Fiona Apple, (8) "Pictures of You" by The Cure, (9) "Blind" by Lifehouse, and (10) "Bullet The Blue Sky" by U2, and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

---

enjoined from infringing Plaintiffs' copyrights. The Court retains pursuant to 17 U.S.C. § 503(b) the requirement that Mr. Carter destroy all infringing copies of Plaintiffs' Recordings.

\* \* \*

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2009